COLEMAN, JUSTICE,
CONCURRING:
¶ 29. I concur with the majority opinion and write separately only to explain why I *453 am not joining Presiding Justice Dickinson’s opinion concurring in part and in result.
¶ 30. Justice Dickinson makes an excellent point—that we cannot remove a person who is not a judge from the judicial office. However, our precedent in judicial performance cases requires us, in part, when we consider the proper sanctions for judicial misconduct to examine prior cases that are on point. See Miss. Comm’n on Judicial Performance v. Thompson, 169 So.3d 857, 869 (Miss. 2015); Miss. Comm’n on Judicial Performance v. Skinner, 119 So.3d 294, 300 (Miss. 2013). Should a future case arise as to which today’s case would be “on point,” today’s opinion would support removing the judge in question from office. If we omit the sanction from today’s opinion, then should the above-described case arise it would not be so readily apparent that removal is proper, despite the severity of the misconduct. Because including the sanction will better inform the Court’s decisions in the future, I concur with the majority’s decision to do so—despite the reality that Bill Weisen-berger already has left office.